865 F.2d 268
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James L. WORTHINGTON, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 88-3405.
 United States Court of Appeals, Federal Circuit.
 Dec. 12, 1988.
 
 Before RICH, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 James L. Worthington petitions for review of a decision of the Merit Systems Protection Board (board), Docket No. SF03518810318, which dismissed for lack of jurisdiction his appeal from the Department of Agriculture's (agency) actions downgrading him from GS-9 to GS-7 and subsequently reassigning him from the Tahoe National Forest to a vacant GS-9 position in the Angeles National Forest. We affirm.
 
 OPINION
 
 2
 Petitioner asserts his demotion resulted from a "shortage of funds" or a "reorganization" and that consequently the agency was obligated to apply reduction in force (RIF) procedures which, among other things, would have entitled him to appeal his demotion to the board. See 5 CFR 351.201(a)(2) (1985) ("Each agency shall follow this part when it releases a competing employee from his or her competitive level by ... demotion ..., when the release is required because of ... shortage of funds ... [or] reorganization ..."). Petitioner relies upon the October 16, 1985, Audit of his position and the resultant Position Description Correction Notice dated November 10, 1985, to show that his downgrade was due to a shortage of funds or a reorganization.
 
 
 3
 We are not persuaded of the merit of petitioner's argument. The next section of the regulations, 5 CFR 351.202, entitled "Coverage," reveals that certain actions are excluded from the coverage of the RIF regulations. Subsection (c)(2) of section 351.202 reads:
 
 
 4
 (c) Actions excluded. This part does not apply to:
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 (2) A change to lower grade based on the reclassification of an employee's position due to erosion of duties, the application of new classification standards, or the correction of a classification error. [Our emphasis.]
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 The board found, based on the undisputed evidence of record, that petitioner's downgrade was the result of a reclassification of his position. The evidence in support of this finding is substantial. Even the Audit petitioner relies on states that the Forests were "directed to affirm the accuracy of their classification actions prior to a possible RIF"; the document also refers to "an engineering reorganization study." The Audit thus shows that the agency was putting its house in order in terms of position classifications in anticipation of a possible RIF, but that no reorganization or RIF was under way as of the date of petitioner's demotion. Furthermore, the statement in the Audit that "[m]ost of the surveys are now performed by a roving survey crew from the Forest Headquarters [and not by petitioner]" does not mean that there was a reorganization in the sense of a "planned ... redistribution of functions or duties" in the agency. See 5 CFR 351.203 (1985) (definition). This merely reflects, as stated in the Audit, that petitioner's Position Description was "inaccurate." Finally, while it is true that one reason for the Audit was that "the Engineering organization [was] one of the most heavily impacted areas in terms of funding shortages," this does not affect our conclusion that the board relied on substantial evidence in finding that petitioner's demotion resulted from a reclassification within the meaning of 5 CFR 351.202(c)(2).
 
 
 11
 Goodrich v. U.S. Dept. of the Navy, 686 F.2d 169 (3d Cir.1982), does not help petitioner. There, the Third Circuit found itself faced with the factual question whether Goodrich was reduced in grade pursuant to a reclassification or a reduction in force. Based on evidence which had been omitted from the administrative record, to the Third Circuit it "appear[ed] that Goodrich was downgraded due to an erosion away from his position of supervisory and other responsibilities, rather than due to an erroneous classification of his position." 686 F.2d at 175-176. Under the then current regulations, such a downgrade required the application of RIF procedures. Accordingly, the court vacated the board's dismissal for lack of jurisdiction and remanded for a determination whether Goodrich was in fact demoted due to errosion of duties requiring use of RIF procedures. Id. at 178.
 
 
 12
 Suffice it to say that Goodrich is of no help to petitioner because the regulations have been changed since Goodrich was decided to provide that a downgrade resulting from erosion of duties does not require the application of RIF procedures. See 5 CFR 351.202(c)(2) (1985), supra, which was revised as of October 25, 1983. Under that revised regulation, it makes no difference whether petitioner's downgrade was due to correction of an erroneous classification or an erosion of his duties. In either event, the agency would not have been obligated to apply RIF procedures and he would have no right of appeal. Accordingly, we see no reason for a remand for additional fact-finding as was done in Goodrich.
 
 
 13
 We have considered petitioner's other arguments and deem them to be without merit.